# EXHIBIT 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>7th    JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>18- **18 112075** -CZ | |
| Court address<br>900 S. Saginaw St., Flint, MI 48502 | | | Court telephone no. |

| Plaintiff's name(s), address(es), and telephone no(s).<br>JENNISE SAMUELS NOEL | DAVID J. NEWBLATT<br>P-45305 Defendant's name(s), address(es), and telephone no(s).<br>MACARTHUR CORP, and/or MAC ARTHUR CORPORATION, and JACK van den BOOGAART,<br>v<br>**MACARTHUR CORP**<br>**c/o Thomas F. Barrett**<br>3190 Tri Park Dr<br>Grand Blanc, MI 48439 |
|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>TOM R. PABST (P27872)<br>2503 S. LINDEN RD<br>FLINT, MI 48532<br>(810) 732-6792 | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date DEC 2 0 2018 | Expiration date MAR 2 1 2019 | Court clerk | *signature* |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (8/18)   **SUMMONS**                                                   MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| | SUMMONS | |
|---|---|---|
| **PROOF OF SERVICE** | Case No. 18- | -CZ |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with Plaintiffs' Initial Witness and Exhibit List; Plaintiff's Initial Ints/RTP to Defendant Employer
    List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled   Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled   Fee $ | TOTAL FEE $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                        Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                            Attachments
_____ on _____
                                      Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JENNISE SAMUELS NOEL,

CASE NO: 18- 18 112075 -CZ

Plaintiff,

JUDGE

v.

MACARTHUR CORP and/or MAC ARTHUR
CORPORATION, a domestic entity, and
JACK van den BOOGAART, individually,

Defendants.



DAVID J. NEWBLATT
P-45306

TOM R. PABST (P27872)
Attorney for Plaintiff
2503 S. Linden Road
Flint, MI 48532
(810) 732-6792

A TRUE COPY
GENESEE COUNTY CLERK

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

### COMPLAINT
### AND
### JURY DEMAND

NOW COMES Tom R. Pabst, representing Jennise Samuels Noel, Plaintiff, and shows unto this Honorable Court as follows:

### COMMON ALLEGATIONS

(1) That at all times pertinent hereto, Jennise Samuels Noel, Plaintiff, was/is a resident of Genesee County, Michigan, and was an employee of Defendants herein.

(2) That at all times pertinent hereto, Defendant Macarthur Corp. and/or Mac Arthur Corporation (hereinafter "Defendant Employer"), was/is, upon information and belief, a Michigan Corporation, providing services in Genesee County, Michigan.

(3) That at all times pertinent hereto, individual Defendant Jack van den Boogaart, was/is an employee of Defendant Employer, and further, was/is a Vice-President in the company, and as such was/is a person that acts in the interest of Defendant Employer and was a supervisor over Jennise Samuels Noel, Plaintiff.

(4) That at all times pertinent hereto, Jennise Samuels Noel, Plaintiff, was a good and loyal employee of Defendant Employer.

(5) That in 2010, Jennise Samuels Noel, Plaintiff, was diagnosed with lupus.

(6) That in 2011, Jennise Samuels Noel, Plaintiff, was diagnosed with necrotising miopathy, which required her to receive a 10-hour fusion every other week.

(7) That Jennise Samuels Noel, Plaintiff, did not want to let these diagnoses affect her career, so she requested to work from home on the day of the infusion and the following work day(s) if needed.

(8) That a prior manager for Defendant Employer reviewed this request and granted it, which allowed Jennise Samuels Noel, Plaintiff, to be able to continue working for Defendant Employer.

(9) That upon information and belief, Defendant Employer was very happy with this arrangement and the work that Jennise Samuels Noel, Plaintiff, was producing, as they allowed for this accommodation for approximately 6 years.

(10) That, upon information and belief, in November of 2016, Defendant van den Boogaart, returned to a position where he had direct supervisory control over Jennise Samuels Noel, Plaintiff's, position.

(11) That Jennise Samuels Noel, Plaintiff, had questioned management for years as to why she was being paid less than other similarly situated employees, and never received an answer. When Defendant van den Boogaart became her supervisor, Plaintiff hoped he could give her an answer, but when she asked him about getting paid equally, he responded by asking her when she would no longer need the accommodation, and that they would further discuss the topic of increasing her pay once the accommodation was completed.

(12) That on January 10, 2018 Jennise Samuels Noel, Plaintiff, gave Defendant Employer notice that she would need to take Family Medical Leave Act (FMLA) time off for a series of chemotherapy treatments she had to undergo.

(13) That the next day, after receiving the notice of Plaintiff's FMLA leave, Defendants provided Jennise Samuels Noel, Plaintiff, with a resignation letter, and requested that she sign it.

(14) That Jennise Samuels Noel, Plaintiff, declined to sign the resignation letter.

(15) That on January 12, 2018 Jennise Samuels Noel, Plaintiff, informed Defendants that she believed she was being treated differently because of her disability and that she was experiencing a hostile work environment.

(16) That 4 days after making a complaint/opposing the treatment she was experiencing, Defendants accused Jennise Samuels Noel, Plaintiff, of an attendance violation for a day the she was authorized to, and was, working from home.

(17) That the following day, January 17, 2018, Defendants accused Jennise Samuels Noel, Plaintiff, of other work/performance violations.

(18) That on that same day, January 17, 2018, 5 days after she complained about a hostile work environment and discrimination, and days after informing Defendants that she was taking FMLA leave, Defendants denied her request to use earned vacation time because she would not sign the resignation letter.

(19) That Jennise Samuels Noel, Plaintiff, proceeded to take her FMLA leave which was scheduled to run through April 16, 2018, making her return to work date April 17, 2018.

(20) That Defendants continued to pressure Jennise Samuels Noel, Plaintiff, to work while she was taking her FMLA leave.

(21) That Jennise Samuels Noel, Plaintiff, did all of the work that Defendants pressured her into while on her FMLA approved medical leave for chemotherapy treatments.

(22) That on January 25, 2018, Jennise Samuels Noel, Plaintiff, filed a Charge of Discrimination with the Michigan Department of Civil Rights (MDCR).

(23) That eight (8) days later, on February 2, 2018, Jennise Samuels Noel, Plaintiff, received a letter in the mail stating that she "was being terminated from [her] position as a Sales Representative as of April 16, 2018", the day before she returned from her FMLA leave.

(24) That Jennise Samuels Noel, Plaintiff, reached out to Defendant Employer's HR Dept. for clarification, and it was made clear to her that her employment was terminated during her FMLA leave in numerous ways, when she was told:

    (a)    That she was fired on 02/02/2018;
    (b)    That her employment will officially end either when she is cleared or April 16, 2018, whichever comes first;
    (c)    That if she gets a medical extension, she will be fired on the day that extension ends;
    (d)    That if her medical leave turns into an indefinite leave, she will be fired then; and
    (e)    That she should not report back to work

(25) That the events giving rise to this cause of action occurred in Genesee County, Michigan, making this Court a Court of proper venue to file this lawsuit. 29 USC 2617(a)(2).

**COUNT I**
**FAMILY MEDICAL LEAVE ACT INTERFERENCE**

(26) That we repeat ¶s 1-25.

(27) This is an action for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 USC 2601 *et seq.*

(28) That this State of Michigan Circuit Court has jurisdiction pursuant to 29 USC 2617(a)(2).

(29) That Plaintiff is a citizen of the United States, and the State of Michigan, and resides in Genesee County.

(30) That Defendant Employer is a business which provides services in Genesee County, Michigan.

(31) That Plaintiff is an eligible employee as defined by the FMLA.

(32) That Defendant Employer is an employer as defined by the FMLA.

(33) That the individual Defendants are each a person that acts in the interest of the Employer. See, for example, 29 CFR 825.104(a).

(34) That the events giving rise to this cause of action occurred within Genesee County.

(35) That Jennise Samuels Noel, Plaintiff, became employed with Defendant Employer on or about July of 2005.

(36) That Jennise Samuels Noel, Plaintiff, properly sought FMLA leave to obtain treatment for a serious health condition as defined by the FMLA. See, for example, 29 USC 26.2(a)(1); 29 CFR 825.112(a)(4) - .200(a)(4); 29 CFR 825.115.

(37) That Plaintiff notified her employer of her need to take time off for treatment and her request was approved.

(38) That upon her attempt to return to work, Jennise Samuels Noel, Plaintiff, was informed by Defendants that she was fired and not to return to work.

(39) That in willfully failing to restore Jennise Samuels Noel, Plaintiff, to her previous position or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, Defendants, each and/or all of them, violated Plaintiff's rights under the FMLA. 29 USC 2601 *et seq.*

(40) That Defendants terminated Plaintiff's employment before the expiration of her FMLA leave.

(41) That Defendants' conduct, by and through its agents, servants or employees, in violation of the FMLA, was also "willful", as that term in used under the FMLA law. 29 CFR 825.400.

4

(42) That Defendants' conduct, by and through its agents, servants or employees, violated Plaintiff's rights under the FMLA, 29 USC 2601 *et seq*.

(43) That at all relevant times the Defendants interfered with, restrained or denied the exercise of rights under the FMLA against Plaintiff and, further, discriminated against the Plaintiff in violation of the FMLA.

(44) That as a direct and proximate result of Defendants' actions, Jennise Samuels Noel, Plaintiff, has suffered loss of wages, benefits and loss of employment opportunities.

WHEREFORE, Plaintiff requests judgment against Defendants, as follows:

### Legal Relief

(a) Compensatory damages in whatever amount she is found to be entitled;

(b) Liquidated damages in whatever amount she is found to be entitled;

(c) An award of interest, costs and reasonable attorney fees and expert witness fees;

### Equitable Relief

(a) An Order reinstating Plaintiff to an appropriate position with Defendants;

(b) An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(c) Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT II
### FAMILY MEDICAL LEAVE ACT RETALIATION

(45) That we repeat ¶s 1-44.

(46) That at all relevant times the Defendants retaliated against Plaintiff, who (a) opposed practices made unlawful by the FMLA and/or who (b) participated in any proceeding related to the enforcement of the FMLA, by actions including, but not necessarily limited to, failing to restore Plaintiff to her previous position, or an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment, and/or by terminating her employment.

(47) That Defendants' violations of the FMLA was/were willful. 29 CFR 825.400.

WHEREFORE, Plaintiff requests judgment against Defendants, as follows:

5

### Legal Relief

(a) Compensatory damages in whatever amount she is found to be entitled;

(b) Liquidated damages in whatever amount she is found to be entitled;

(c) An award of interest, costs and reasonable attorney fees and expert witness fees;

### Equitable Relief

(a) An Order reinstating Plaintiff to an appropriate position with Defendants;

(b) An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(c) Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT III
### ADA & ADAAA VIOLATIONS (DEFENDANT EMPLOYER ONLY)

(48) That we repeat paragraphs 1-47.

(49) That Jennise Samuels Noel, Plaintiff, has civil rights under the Federal ADA, being 42 USC §12101, *et. seq.* as amended by the ADA Amendments Act of 2008, and as bolstered by 42 USC §2000e, *et. seq.*, and the Civil Rights Act of 1991, being 42 USC §1981a and 42 USC §1988.

(50) That Defendant Employer violated the aforesaid law, which violations included, but not by way of limitation, the following acts and/or omissions:

(a) "Harassing" of Jennise Samuels Noel, Plaintiff;

(b) "Perceiving" and/or "regarding" Jennise Samuels Noel, Plaintiff, as "disabled", and based on Defendants' wrongful perception, denying her work and/or employment opportunities; and

(c) Failing to "accommodate" Jennise Samuels Noel, Plaintiff, if she was in fact disabled as Defendants claimed.

all of which violated Jennise Samuels Noel's rights under 42 USC §12101, *et. seq.*

(51) That specifically, but not by way of limitation, Defendants herein--

6

    (a)    Refused to honor doctor-imposed limitations/restrictions for Jennise Samuels Noel, Plaintiff;

    (b)    Refused to "accommodate" Jennise Samuels Noel, Plaintiff; and

    (c)    Refused to place Jennise Samuels Noel, Plaintiff, into available jobs she was capable of doing

all of which violated Jennise Samuels Noel's rights under 42 USC §12101, *et. seq.*

(52)    That Defendant Employer herein in fact fired Jennise Samuels Noel, Plaintiff, in violation of 42 USC §12101, *et. seq.*

(53)    That as a direct and proximate result thereof, Jennise Samuels Noel, Plaintiff, suffered the following injuries and damages, amongst others--

    (a)    loss of her job;

    (b)    lost wages, past and future;

    (c)    loss of earning capacity;

    (d)    emotional distress and mental anguish, past and future;

    (e)    injury to her feelings, including extreme embarrassment and humiliation, past and future;

    (f)    damage to her reputation, past and future;

    (g)    outrage;

    (h)    incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

    (i)    other injuries and damages, the exact nature and extent of which are not now known.

(54)    That the Right-to-Sue letters issued to Jennise Samuels Noel, Plaintiff, are attached hereto as Ex. 1 and by this reference incorporated herein.

(55)    That the monetary damages caused by Defendants' unlawful conduct far exceed One Hundred Thousand ($100,000.00) Dollars.

WHEREFORE, Plaintiff requests judgment against Defendants, as follows:

### Legal Relief

(a) Compensatory damages in whatever amount she is found to be entitled;

(b) Liquidated damages in whatever amount she is found to be entitled;

(c) Punitive damages in whatever amount she is found to be entitled to and available under applicable Federal Law, if any;

(d) An award of interest, costs and reasonable attorney fees and expert witness fees;

### Equitable Relief

(a) An Order reinstating Plaintiff to an appropriate position with Defendants;

(b) An injunction prohibiting any further acts of wrongdoing, discrimination or retailiation; and

(c) Whatever other equitable relief appears appropriate at the time of final judgment.

12-20-18
DATE

TOM R. PABST (P27872)
Representing Plaintiff

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

12-20-18
DATE

TOM R. PABST (P27872)
Representing Plaintiff

8

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jennise Samuels Noel<br>6075 Davison Rd<br>Burton, MI 48509 | From: | Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 23A-2018-10182 | Antoinette Coburn,<br>State/Local Coordinator | (313) 226-4637 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michelle Eisele* 11/28/18

Enclosures(s)   Michelle Eisele,   (Date Mailed)
District Director

cc:  MacArthur Corporation
Katherine J. Van Dyke
2000 Town Center, Suite 1650
Southfield, MI 48075

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Jennise Samuels Noel
6075 Davison Road
Burton, MI 48509

From: Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 23A-2018-10010 | Antoinette Coburn, State/Local Coordinator | (313) 226-4637 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michelle Eisele* 11/28/18
Michelle Eisele, (Date Mailed)
District Director

Enclosures(s)

cc: MacArthur Corporation
Katherine J. Van Dyke
2000 Town Center
Suite 1650
Southfield, MI 48075